USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___9/22/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC S. COTTO,

                    Plaintiff,

          -against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                    Defendant.

1:20-cv-6487-MKV

MEMORANDUM
OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Eric Cotto brings this action for trespass, alleging that his residential property sustained water damage caused by a leak originating from a neighboring property. After removing the case to this Court, Defendant Federal National Mortgage Association ("Fannie Mae") moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss [ECF No. 7].) Plaintiff cross-moved for an order of reference to the Court's mediation program or, alternatively, for leave to amend and for remand to state court. (Mot. Mediation [ECF No. 8].) For the reasons discussed below, Plaintiff's motion for referral to mediation is DENIED without prejudice; Plaintiff's motion for leave to amend is GRANTED; Fannie Mae's motion to dismiss is DENIED as moot and without prejudice; and Plaintiff's motion for remand is DENIED.

**BACKGROUND**[1]

Plaintiff owns a single-family residence at 239 Buttrick Avenue, Bronx, New York. (Not. Removal Ex. A ("Compl.") ¶ 1 & Ex. C [ECF No. 1-1].) Fannie Mae owns an adjoining property at 237 Buttrick Avenue, which is managed by Defendant REO Integration Inc. ("REO"). (*Id.* ¶¶ 3–

---

[1] On the pending motion to dismiss, the Court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)); *accord Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020).

1

5.)  On an unspecified date, water from Fannie Mae's property entered Plaintiff's property and caused damage.  (*Id.* ¶¶ 6–7.)  Plaintiff alleges that Fannie Mae and REO knew of the condition complained of or should have known of the condition by reason of its duration.  (*Id.* ¶¶ 8–9, 11–12.)  Plaintiff asked Fannie Mae and REO to remedy the alleged trespass, but they made no effort to do so.  (*Id.*¶¶ 10, 13.)

In July 2020, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx, alleging a cause of action for trespass against Fannie Mae and REO and seeking $250,000 in compensatory damages and $150,000 in punitive damages.  (*See generally* Compl.)  Two weeks later, before REO was served with the Complaint, Fannie Mae removed the action to this Court, invoking the Court's diversity jurisdiction.  (*See generally* Notice Removal [ECF No. 1].)[2]  However, both Plaintiff and Co-Defendant REO, which apparently had not been served at the time of removal, are citizens of New York.  (Notice Removal ¶ 10; Compl. ¶ 3).  After removal, Plaintiff voluntarily dismissed his claim against Defendant REO.  (*See* Notice Voluntary Dismissal [ECF No. 23].)

Fannie Mae has moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint.  (Mot. Dismiss [ECF No. 7].)  In support of the motion, Fannie Mae filed an affirmation with several exhibits.  (Brown Supp. Affirmation [ECF No. 7-1].)  Plaintiff filed an affirmation in opposition (Drezin Opp. Affirmation [ECF No. 10]), and Fannie Mae filed an affirmation and a memorandum of law in reply (Brown Reply Affirmation [ECF No. 20]; Def.'s Reply Br. [ECF No. 21]).

Before filing his opposition, Plaintiff cross-moved to have the case referred to the Court's mediation program or, alternatively, for leave to amend and for the case to be remanded to state

---

[2] After Fannie Mae removed the case, Plaintiff filed in state court an Amended Complaint (*see* Brown Affirmation Ex. C [ECF No. 7-4]), to which the Court gives no legal effect.

court.  (Mot. Mediation [ECF No. 8].)  In support of his cross-motion, Plaintiff filed an affirmation

with a proposed Amended Complaint and a memorandum of law.  (Drezin Supp. Affirmation [ECF

No. 8]; Pl.'s Supp. Br. [ECF No. 9].)  Fannie Mae filed an affirmation and memorandum of law in

opposition (Brown Opp. Affirmation [ECF No. 13]; Def.'s Opp. Br. [ECF No. 14]), and Plaintiff

filed an affirmation in reply (Drezin Reply Affirmation [ECF No. 19]).  While the motions were

pending, Plaintiff voluntarily dismissed REO from the case.  (Notice Voluntary Dismissal [ECF

No. 23].)

## DISCUSSION

### A.  Removal and Subject Matter Jurisdiction

The Court first addresses an issue regarding removal and subject matter jurisdiction, which

neither party has raised.  *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000)

(noting that a federal court has an obligation, "on its own motion, to inquire as to subject matter

jurisdiction and satisfy itself that such jurisdiction exists" (citing *Mt. Healthy City Sch. Dist. Bd.

of Educ. v. Doyle*, 429 U.S. 274, 278 (1977))).

A defendant may remove an action to federal court if the action falls within the district

court's original jurisdiction.  28 U.S.C. § 1441(a).  Where, as in this case, removal is based on

diversity jurisdiction, the removing defendant must aver that all of the requirements of the diversity

statute, 28 U.S.C. § 1332, have been satisfied.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d

Cir. 2011) (citing 28 U.S.C. § 1446(a)).  "Section 1332 requires 'complete diversity,' meaning that

'all plaintiffs must be citizens of states diverse from those of all defendants.'"  *Tagger v. Strauss

Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Pa. Pub. Sch. Emps.' Retirement Sys. v.

Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014)).  Where removal is based on

diversity jurisdiction, there must be complete diversity both at the time of removal and at the time

the state court complaint was filed.  *See United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3723, at 311–12 (1990)).

In *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64 (1996), the Supreme Court held that a district court's failure to remand a case improperly removed to federal court for lack of complete diversity is not fatal to the ensuing adjudication where the non-diverse party is later dismissed and subject matter jurisdiction exists at the time judgment is entered.  The Court explained that once a diversity case has been tried in federal court, "considerations of finality, efficiency, and economy become overwhelming" and that "[t]o wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Id.* at 75–77.

The Court expounded on *Caterpillar* in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).  In *Grupo*, a diversity action, the Court held that a non-diverse party's post-filing change in citizenship cannot cure a defect in subject matter jurisdiction due to a lack of complete diversity that exists at the time of filing.  *Id.* at 574–78.  The Court adhered to the long established "time-of-filing rule," which "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing."  *Id.* at 570–71, 574–75.  The Court distinguished *Caterpillar* on the ground that the "crux of analysis" there "related not to cure of the *jurisdictional* defect, but to cure of a *statutory* defect, namely, failure to comply with the requirement of the removal statute, 28 U.S.C. § 1441(a), that there be complete diversity at the time of removal."  *Id.* at 574.

Applying *Caterpillar*, the Second Circuit has affirmed judgments in diversity actions improperly removed due to the presence of a non-diverse party where the non-diverse party was dismissed before entry of judgment.  *See Brown*, 654 F.3d at 357 (holding that "the elimination of non-diverse defendants prior to judgment saves the action from dismissal for lack of jurisdiction"); *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (it is "now established that if a case was erroneously removed to federal court and a judgment was subsequently entered on the merits, the jurisdictional flaw that existed at the time of removal 'is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered'" (quoting *Caterpillar*, 519 U.S. at 64)).  As the Second Circuit has explained, "the 'critical issue' is whether there was complete diversity at any time before the entry of judgment."  *Brown*, 654 F.3d at 357 (quoting *Hallingby*, 574 F.3d at 56).

While Fannie Mae removed this case based on diversity jurisdiction (Notice Removal ¶¶ 5, 15), complete diversity did not exist at the time of removal.  Defendant Fannie Mae is a citizen of the District of Columbia (*id.* ¶ 10), and Plaintiff and Defendant REO are both citizens of New York (*id.* ¶ 10; Compl. ¶ 3).  In the Notice of Removal, Fannie Mae asserted that removal was proper because REO had not been served with the Complaint.  (Notice of Removal ¶¶ 11–13.)  Service on REO is relevant to the "forum defendant rule."[3]  But "an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, even if the nondiverse defendant was never served."  *Worthy v. Schering Corp.*, 607 F. Supp. 653, 655 (E.D.N.Y. 1985) (collecting sources); *see also* 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3723, Westlaw (database updated Apr. 2021) ("A party whose presence

---

[3] Under the forum defendant rule, removal on the basis of diversity may be had by the defendant or the defendants from the state court only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b)(2); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal . . . .  It is insufficient, for example, that service of process simply has not been made on a non-diverse party . . . .").

In this case, this statutory defect—the requirement of Section 1441(a) that there be complete diversity such that the case is fit for federal adjudication at the time the removal petition is filed—does not mandate remand because there is no longer any jurisdiction defect.  *Grupo Dataflux*, 541 U.S. at 574 (citing *Caterpillar*, 519 U.S. at 73).  As noted, Plaintiff has voluntarily discontinued the case as regards REO.  (Notice of Voluntary Dismissal.)  As such, complete diversity now exists and the Court has jurisdiction to enter final judgment.  *Brown*, 654 F.3d at 357; *Hallingby*, 574 F.3d at 56.

In addition, the *Caterpillar* considerations—finality, efficiency, and economy—weigh against remand.  Finality considerations are nonexistent because this case is at its inception and judgment has not been entered.  *Dale v. First American Nat'l Bank*, 370 F. Supp. 2d 546, 551 (S.D. Miss. 2005).  But efficiency and economy considerations weigh heavily against remand because Fannie Mae could potentially once again remove the case.  *Weaver v. Murry*, No. 06-595, 2006 WL 1968912, at *2 (E.D. La. June 21, 2006); *see Bkcap LLC v. Captec Franchise Tr. 2000–1*, No. 3:07–CV–00637, 2009 WL 3075353, at *2 (N.D. Ind. Sept. 24, 2009) (finding that where non-diverse defendant was dismissed after removal, remand "would simply constitute a waste of judicial resources, as the [remaining defendant] could, and likely would, promptly remove the case right back to federal court based on diversity of citizenship between itself and the Plaintiffs"); *Dale*, 370 F. Supp. 2d at 551 n.4 (noting that if the case were remanded due to lack of jurisdiction at the time of removal, "defendants would arguably be in a position to immediately re-remove the case on the very basis they presently urge for retention of jurisdiction, i.e., complete diversity of

citizenship"). And as discussed below, "there is a pungent aroma of an attempt to thwart the Court's jurisdiction hovering over this case which further supports retaining jurisdiction." *Sharkey v. Progressive Sec. Ins. Co.*, No. 20-2792, 2021 WL 926719, at *3 (E.D. La. Mar. 11, 2021).

Accordingly, despite the statutory defect in removal, because the prior jurisdictional defect has been cured, remand is not required and this case may proceed before this Court.

**B. Plaintiff's Cross-Motion for an Order of Reference to the Court's Mediation Program**

Plaintiff's cross-motion for an order referring this case to the Court-annexed mediation program is denied without prejudice. Plaintiff insists that "[t]his matter doesn't require litigation to be resolved" but only "a willingness to resolve it." (Drezin Supp. Affirmation ¶ 22.) But "mediation provides no guarantee of settlement . . . [and therefore] must be used with discretion, in ways that minimize the risk of delay in the resolution of claims." *Diocese of Buffalo v. Cont'l Ins. Co.* (*In re Diocese of Buffalo*), 620 B.R. 445, 450 (Bankr. S.D.N.Y. 2020).

Referral to mediation is premature for two reasons. First, no discovery has taken place, so the parties do not have the "information needed to evaluate their respective rights and defenses." *Id.* at 451. Second, a motion to dismiss is pending and Fannie Mae has expressed a strong preference to test the sufficiency of Plaintiff's claim before mediating. *Cf. Ramirez v. NYP Holdings, Inc.*, No. 18 Civ. 12058 (KPF), 2020 WL 470011, at *2 (S.D.N.Y. Jan. 29, 2020) (noting that the court "removed the case from mediation after Defendant made clear its intention to move to dismiss"). Because Fannie Mae is not interested in exploring settlement at this time, referral to mediation at this stage of the litigation would likely be futile and delay resolution of this case. *See In re Diocese of Buffalo*, 620 B.R. at 450. Accordingly, Plaintiff's cross-motion for referral to the Court-annexed mediation program is DENIED without prejudice to renewal at a later stage of the litigation.

### C.  Plaintiff's Cross-Motion for Leave To Amend and Fannie Mae's Motion To Dismiss

Plaintiff's cross-motion for leave to amend the Complaint is granted, and Fannie Mae's motion to dismiss is denied as moot.  Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  Leave to amend may be denied for "good reason," such as "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).  While there are two options, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave."  *Rheaume v. Pallito*, No. 2:15–cv–135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).  In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amended complaint.  *See e.g.*, *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 16-cv-2690 (ADS)(AKT), 2017 WL 112518, at

*3 (E.D.N.Y. Jan. 10, 2017) (collecting cases); *Gentleman v. State Univ. of N.Y.—Stony Brook*, No. 16-cv-2012 (ADS) (AKT), 2016 WL 6892151, at *4 (E.D.N.Y. Nov. 21, 2016).

The Court elects to grant Plaintiff leave to amend and to deny the pending motion to dismiss as moot.[4]  As noted, this is the preferred course where the amended complaint requires leave of court.  *Rheaume*, 2015 WL 7300790, at *2.  And "granting leave to amend is consistent with the liberal standard of Rule[] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.'"  *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

Further, Plaintiff seeks to amend to add new allegations that go to the heart of his claim, including a new theory of liability, *i.e.*, continuing trespass.  (*See generally* Drezin Supp. Affirmation Ex. A.)  Fannie Mae has not responded to these new allegations.  Fannie Mae asserts in its reply brief, without support, that "even with the additional facts and new theory of recovery, Plaintiff still fails to state a claim."  (Def.'s Reply Br. 5.)  But Fannie Mae then reverts to its arguments aimed at the original Complaint—that Plaintiff failed to allege a date of loss and that

---

[4] Alternatively, the Court could deny Fannie Mae's motion for failure to comply with local rules. Local Civil Rule 7.1 provides, in relevant part, that except for letter motions, "all motions shall include," *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion." Local Civil Rule 7.1(a)(2). Fannie Mae did not submit a memorandum of law with its motion to dismiss, despite referencing one in its notice of motion and supporting affirmation. (*See* Mot. Dismiss 1; Brown Affirmation 7 n.2.) This omission, "standing alone, is sufficient cause for . . . denying [the] motion." *Avillan v. Donahoe*, No. 13 CV 509, 2015 WL 728169, at *6 (S.D.N.Y. Feb. 19, 2015) (quoting *Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., Inc.*, No. 98 CIV 5045 JFK, 84191, 2000 EL 964944, at *3 (S.D.N.Y. July 11, 2000)); *see, e.g., Fashion.tv.com GmbH v. Olic*, No. 06 Civ. 3200(GBD)(KNF), 2007 WL 2600864, at *1 (S.D.N.Y. Aug. 28, 2007) (denying motion under Local Civil Rule 7.1 for failure to submit memorandum of law).

The Court, however, has "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000); and *Somlyo v. J. Lu–Rob Enters.*, 932 F.2d 1043, 1048 (2d Cir. 1991)). Because Fannie Mae's supporting affirmation (albeit improperly) includes an explanation of Fannie Mae's legal arguments seeking to dismiss the Complaint, with citations to applicable case law, the Court overlooks Fannie Mae's failure to file a memorandum of law and ultimately denies the motion as moot.

Fannie Mae owned the adjoining property on that date—and responds to arguments in Plaintiff's opposition brief.  (*Id.* at 5–9; *see* Brown Supp. Affirmation ¶¶ 9, 14, 23, 25, 28–29, 33.)

Moreover, there is no "good reason" to deny leave to amend at this early stage in the litigation.  There is no undue delay by Plaintiff as his motion for leave was filed shortly after Fannie Mae moved to dismiss.  *See, e.g.*, *Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint).  And there is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established."  *Id.*

There is also no evidence of bad faith.  Fannie Mae argues that leave to amend should be denied because "the amendment is simply being offered to defeat a meritorious motion, which is improper under the established laws of this Court."  (Def.'s Opp. Br. 5.)  But the "established laws" on which Fannie Mae relies—three district court cases from 1969, 1981, and 1995—are not binding on this Court.  (*See id.* at 3–4.)  Courts routinely grant leave to amend in response to a motion to dismiss, even if doing so renders the motion to dismiss moot.  *See, e.g.*, *Schneiderman v. American Chem. Soc'y*, No. 17-CV-2530 (RRM) (SMG), 2020 WL 2522120, at *1 (E.D.N.Y. May 18, 2020) (granting leave to file third amended complaint and denying pending motion to dismiss as moot); *W.B. David & Co., Inc. v. De Beers Centenary AG*, No. 04 Civ. 5203(KMW), 2005 WL 3704690, at *1 (S.D.N.Y. Sept. 2, 2005) (granting leave to amend and denying seven pending dispositive motions as moot).  Leave to amend is particularly appropriate here because the Complaint was filed in state court under a different pleading standard.  (Drezin Reply Affirmation ¶ 7.)  *See Curto v. Erie Cty. Water Auth.*, No. 18-CV-695V, 2019 WL 6320347, at *5

(W.D.N.Y. Nov. 26, 2019), *report & recommendation adopted*, 2020 WL 1082784 (W.D.N.Y. Mar. 6, 2020))); *see also MB2 Dental Sols. LLC v. Zurich American Ins. Co.*, No. 3:20-CV-01430-N, 2021 WL 2551619, at *2 (N.D. Tex. June 21, 2021) (collecting cases where plaintiffs in removed cases were granted leave to replead claims in compliance with federal pleading standards).

Fannie Mae's futility arguments are without merit.  Fannie Mae argues that the proposed Amended Complaint is not verified.  (Def.'s Opp. Br. 5–6.)  But pleadings in federal court "need not be verified" "[u]nless a rule or statute specifically states otherwise," Fed. R. Civ. P. 11(a), and Fannie Mae points to no rule or statute requiring verification in this case.  Fannie Mae also argues that Plaintiff has failed to provide "any evidence that he has a meritorious claim."  (Def.'s Opp. Br. 2–3, 7 (arguing that the expert report attached to the proposed Amended Complaint is not in evidentiary form).)  But "evidence" is not required at the pleading stage.  A complaint need only "contain sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

By reason of Fannie Mae's motion to dismiss, Plaintiff is on notice of the purported deficiencies in its pleading.  Plaintiff is warned that the Court will be reluctant to grant further leave to amend if Fannie Mae successfully moves to dismiss the Amended Complaint.  As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 1:19-

cv-08080-MKV, 2020 WL 5849515, at *13 (S.D.N.Y. Sept. 30, 2020). As such, Plaintiff is granted leave not simply to file the proposed Amended Complaint but to add any further allegations necessary to cure any pleading deficiencies. Because Plaintiff voluntarily dismissed REO from the case, Plaintiff should omit the claim against REO from the Amended Complaint.

Accordingly, Plaintiff's motion for leave to amend is granted and Fannie Mae's motion to dismiss is denied without prejudice to renewal upon service of the Amended Complaint.

### D. Plaintiff's Cross-Motion To Remand

Plaintiff's cross-motion to remand this action to New York Supreme Court for lack of subject matter jurisdiction is denied. As explained above, because Plaintiff voluntarily dismissed REO from the case, the requirements for diversity jurisdiction are met now. Plaintiff is a citizen of New York (Notice Removal ¶ 10); Fannie Mae is a citizen of the District of Columbia (*id.*); and the amount in controversy at the time of filing and the time of removal exceeded the $75,000 jurisdictional threshold (*id.* ¶ 7). *See* 28 U.S.C. § 1332(a)(1), (e). Plaintiff argues that because the Amended Complaint seeks only $67,000 in damages, the "amount in controversy no longer meets the $75,000 requirement of 28 U.S.C. 1332(a)" and therefore the Court is divested of jurisdiction. (Drezin Supp. Affirmation ¶¶ 13–15; *id.* Ex. A ¶ 2; Pl.'s Supp. Br. 1–2.) Plaintiff's papers suggest an ardent desire to evade jurisdiction of this Court.

Satisfaction of the diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed. *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–91 (1938). Accordingly, "a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the

jurisdictional threshold has been satisfied." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (collecting sources); *see St. Paul*, 303 U.S. at 292 (noting that where "the plaintiff after removal, . . . by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction").

Because the $75,000 jurisdictional threshold was satisfied at the time of filing and the time of removal, Plaintiff's proposed amendment to the Complaint reducing the amount in controversy does not divest the Court of subject matter jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. at 290–92; *Yong Qin Luo*, 625 F.3d at 776; *see also, e.g.*, *Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F. Supp. 2d 245, 246–47 (S.D.N.Y. 2005). Accordingly, Plaintiff's cross-motion for remand is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for referral to the Court-annexed mediation program is DENIED without prejudice; Plaintiff's motion for leave to amend is GRANTED; Fannie Mae's motion to dismiss is DENIED as moot and without prejudice; and Plaintiff's motion for remand is DENIED.

IT IS HEREBY ORDERED that Plaintiff shall file the Amended Complaint on or before October 14, 2021. If it wishes to move to dismiss the Amended Complaint, Fannie Mae should consult the Court's Individual Rules of Practice in Civil Cases and ensure compliance therewith.

The Clerk of Court is respectfully requested to terminate docket entries 7 and 8.

**SO ORDERED.**

Date: **September 22, 2021**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

13