USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC S. COTTO,

                Plaintiff,

-against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Defendant.

1:20-cv-6487-MKV

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Eric Cotto filed this action in New York state court, alleging that his residential property was water damaged by a leak from a neighboring property. The owner of that neighboring property, Defendant Federal National Mortgage Association, removed the case to this Court, and then moved to dismiss the Complaint.[1] (First Mot. Dismiss [ECF No. 7].) In a Memorandum Opinion and Order issued on September 22, 2021, this Court denied as moot Defendant's motion to dismiss and granted Plaintiff leave to amend.[2] (Mem. Op. & Order ("Mem. Op.") [ECF No. 24].) But Plaintiff never amended. Defendant now moves to dismiss again. (Second Mot. Dismiss [ECF No. 27].) For the reasons discussed below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

    Plaintiff owns a residence at 239 Buttrick Avenue, Bronx, New York. (Not. Removal Ex. A ("Compl.") ¶ 1 [ECF No. 1-1].) Defendant owns a neighboring property at 237 Buttrick Avenue. (*Id.* ¶¶ 2, 5.) On an unknown date, water from Defendant's property entered Plaintiff's property, causing unspecified damage. (*Id.* ¶¶ 6–7.) Plaintiff alleges that Defendant knew "of the condition"

---

[1] Plaintiff cross-moved to have the case referred to this Court's mediation program, or alternatively, for leave to amend, and for the case to be remanded to state court. (First Mot. Mediation [ECF No. 8]; Second Mot. Mediation [ECF No. 9]; Mem. Op. 2–3.)

[2] The Court also denied Plaintiff's cross-motion for referral to mediation, (Mem. Op. 7), and denied remand without prejudice, (Mem. Op. 12–13).

1

or should have known "[b]y reason of its duration." (*Id.* ¶¶ 8–9.)  Plaintiff contends that, "[d]espite request," Defendant made no effort to remedy the leak.  (*Id.* ¶ 10.)

In July 2020, Plaintiff filed a two-page Complaint in the Supreme Court of the State of New York, County of Bronx.[3]  (*See Compl.*)  The Complaint alleged trespass, seeking $250,000 in compensatory damages and $150,000 in punitive damages.  (*Id.* ¶¶ 10, 14–15.)  Along with the Complaint, Plaintiff filed several exhibits, including a Leak Detection Report completed by JP Diagnostics.[4]  (Not. Removal Ex. C ("Report") [ECF No. 1-1].)  That Report states that a "[b]asement [l]eak" at Plaintiff's property was caused by "237 Buttrick's downspout dumping water to ground and backflowing into the foundation wall," along with an "insufficiently sized" roof gutter tray, and "[m]issing aluminum flashing on roof."  (Report 4.)

Defendant removed the case to this Court, invoking diversity jurisdiction.  (*See generally* Not. Removal [ECF No. 1].)  Defendant then moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), (*see* First Mot. Dismiss), which this Court denied without prejudice as moot on September 22, 2021, (Mem. Op. 13).  The Court also granted leave to amend the Complaint, noting that Plaintiff was "on notice of the purported deficiencies in its pleading" and warning it would "be reluctant to grant further leave to amend."  (Mem. Op. 13, 11.)  Notwithstanding, Plaintiff did not amend.  Defendant again moved to dismiss, (*see* Second Mot. Dismiss), and Plaintiff did not oppose the motion.[5]

---

[3] As explained in this Court's earlier Memorandum Opinion and Order, (Mem. Op. 1–3), Plaintiff also filed suit against REO Integration Inc., but later voluntarily dismissed that claim, (Not. Voluntary Dismissal [ECF No. 22]; Not. Voluntary Dismissal [ECF No. 23]).

[4] When reviewing a motion to dismiss, the Court may consider "documents attached to the complaint as exhibits."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

[5] Plaintiff's failure to oppose Defendant's motion is not, standing alone, sufficient to dismiss.  *See Emerson v. Comm'r of Soc. Sec.*, No. 12 CIV. 6451 PAC SN, 2014 WL 1265918, at *9 (S.D.N.Y. Mar. 27, 2014) ("When, as here, the Court is presented with an unopposed motion, it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion.").

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court "must accept as true all of the allegations contained in a complaint," *Iqbal*, 556 U.S. at 678, "labels and conclusions" or "a formulaic recitation of a cause of action's elements will not do," *Twombly*, 550 U.S. at 545. Dismissal is therefore "appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014).

**ANALYSIS**[6]

Defendant contends that the Complaint lacks sufficient facts to state a claim. (Second Mot. Dismiss Mem. Law ("Mem.") 4–6 [ECF No. 27-7].) The Court agrees.

In New York, trespass is defined as the "*intentional* entry onto the property of another without justification or permission." *Schwartz v. Hotel Carlyle Owners Corp.*, 132 A.D.3d 541, 542, 20 N.Y.S.3d 341, 342 (1st Dep't 2015) (emphasis added); *see also Phillips v. Sun Oil Co.*, 307 N.Y. 328, 331, 121 N.E.2d 249, 250–51 (N.Y. 1954) ("[T]he trespasser, to be liable . . . must *intend* the act which amounts to or produces the unlawful invasion." (emphasis added)). New York courts have explained that "a claim for trespass requires an affirmative act constituting or resulting

---

[6] Sitting in diversity, (Mem. Op. 3–7), this Court applies New York substantive law to this dispute. *See 19 Recordings Ltd. v. Sony Music Ent.*, 97 F. Supp. 3d 433, 438 n.4 (S.D.N.Y. 2015).

in an *intentional* intrusion upon plaintiff's property." *Congregation B'nai Jehuda v. Hiyee Realty Corp.*, 35 A.D.3d 311, 312, 827 N.Y.S.2d 42, 44 (1st Dep't 2006) (emphasis added).

The Complaint includes no such allegation. Although Plaintiff contends that "[w]ater from [D]efendant's premise entered" his basement, (Compl. ¶ 6), he does not allege that Defendant affirmatively or intentionally caused the entry. *See Lisa Goldberg Qualified Pers. Residence Tr. v. Bd. of Managers of the Madison Square Condo.*, 181 A.D.3d 542, 543, 122 N.Y.S.3d 274, 276 (1st Dep't 2020) ("The court correctly dismissed the trespass claims for failure to show that defendants performed 'an affirmative act constituting or resulting in an intentional intrusion upon plaintiff's property.'"). Under New York law, the Complaint does not plausibly allege a claim for trespass.

But that is not its only deficiency. The Complaint also fails to allege facts such as when the water intruded onto Plaintiff's property, how long the intrusion persisted, or what damage was caused. Absent these facts, Plaintiff's "'conclusory, vague or general allegations' cannot withstand [Defendant's] motion to dismiss." *Saunders v. Bank of Am.*, No. 12 CIV. 9201 GBD RLE, 2014 WL 5089501, at *2 (S.D.N.Y. Sept. 22, 2014) (quoting *Detko v. Blimpies Rest.*, 924 F. Supp. 555, 557 (S.D.N.Y. 1996)). Accordingly, the Complaint must be dismissed.

The Court further finds that dismissal with prejudice is appropriate here. Plaintiff was given an opportunity to "correct the defects in [his] initial pleading through the filing of a more detailed amended complaint." *Liner v. Goord*, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000). But Plaintiff failed to amend—or to oppose Defendant's Motion to Dismiss—even after being put "on notice of the purported deficiencies in [his] pleading," and receiving warning that the Court would "be reluctant to grant further leave to amend." (Mem. Op. 11.) Without indication that Plaintiff "could—or would—provide additional allegations that might lead to a different result," dismissal with prejudice is appropriate. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *see also*

4

*Document Techs., Inc. v. LDiscovery, LLC*, 731 F. App'x 31, 34 (2d Cir. 2018) (finding "dismissal with prejudice . . . proper" where plaintiff "was given adequate notice and opportunity to amend the deficiencies in its complaint and failed to do so").

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is respectfully requested to terminate docket entry 27 and to close the case.

**SO ORDERED.**

Date: **September 12, 2022**  
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**